## IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST David A. YOUDOVITZ, Attorney at Law.

Supreme Court

*No. 91-1886-D. Filed February 11, 1992.*

(Also reported in 479 N.W.2d 527.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license revoked.*

We review the recommendation of the referee that the license of Attorney David A. Youdovitz to practice law in Wisconsin be revoked as discipline for misconduct. That misconduct included his conversion of client funds to his own use, making misrepresentations to a court and to others concerning matters in which he acted as attorney, his neglect of client legal matters, his failure to keep his clients informed of the status of those matters and refusing to cooperate with the Board of Attorneys Professional Responsibility (Board) during its investigation of his misconduct.

By his egregious and repeated acts of professional misconduct in the numerous matters, Attorney

Youdovitz has demonstrated that he is unfit to be licensed as a person to be consulted by and to represent others in legal matters and to act as an officer of the courts of Wisconsin. He has repeatedly breached his fundamental professional duty of honesty to his clients and to the courts, placed his own personal interests over clients' interests he had undertaken to promote and protect and failed to perform the work for which he had been retained. The seriousness and extent of his misconduct warrants the revocation of his license to practice law.

Attorney Youdovitz was admitted to practice law in Wisconsin in 1976 and practiced in Milwaukee. He was suspended from practice in June, 1991 for failure to comply with continuing legal education requirements. He has not previously been the subject of an attorney disciplinary proceeding. The referee is the Honorable Robert T. McGraw, reserve judge.

Although personally served with the Board's complaint and amended complaint in this proceeding, Attorney Youdovitz did not file an answer or otherwise appear. He did not attend either of the scheduling conferences, despite notification by mail from the referee of those conferences. Accordingly, the referee made findings of fact pursuant to the allegations of the Board's complaint as follows.

(1) In September, 1986, Attorney Youdovitz was retained by a client to pursue assets in her ex-husband's estate. Attorney Youdovitz recommended that an action be commenced in order to obtain death benefits under the decedent's life insurance policy. He then had his client appointed special administrator of the estate and, when questioned by the probate judge, stated that he had started an action in another jurisdiction against the decedent's second wife, when in fact he had not started

351

such action. During the Board's investigation, Attorney Youdovitz did not respond to three letters of inquiry from the Board, although he eventually appeared at the Board's office and gave information concerning this client's grievance.

The referee concluded that Attorney Youdovitz' misrepresentation to the probate judge concerning the commencement of the action violated SCR 20:3.3(a)(1)[1] and 20:8.4(c)[2] that his failure to commence the action on his client's behalf constituted failure to act with reasonable diligence and promptness, in violation of SCR 20:1.3;[3] and that his failure to respond to the Board's inquiries concerning the matter violated SCR 21.03(4)[4]

---

[1]SCR 20:3.3 provides:

**Candor toward the tribunal**
 (a) A lawyer shall not knowingly:
 (1) *make a false statement of fact or law to a tribunal.*

[2]SCR 20:8.4 provides:

**Misconduct**
 It is professional misconduct for a lawyer to:
 . . .
 (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

[3]SCR 20:1.3 provides:

**Diligence**
 A lawyer shall act with reasonable diligence and promptness in representing a client.

[4]SCR 21.03 provides:

**General principles.**
 . . .
 (4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

and 22.07(2).[5]

(2) In August, 1988, a couple retained Attorney Youdovitz to collect a money judgment. After attempting to obtain voluntary payment from the debtor, Attorney Youdovitz prepared garnishment pleadings and sent them to the sheriff for service, which was obtained on the debtor's employer but not on the debtor. Thereafter, Attorney Youdovitz told his clients he was attempting to complete the matter but never did. During the Board's investigation, he failed to respond to three letters of inquiry, although he eventually appeared and gave information.

The referee concluded that Attorney Youdovitz failed to act with reasonable diligence and promptness in representing his clients, in violation of SCR 20:1.3, and violated SCR 21.03(4) and 22.07(2) by failing to respond to three inquiries from the Board.

(3) In November, 1986, Attorney Youdovitz had a client appointed personal representative in an estate and himself appointed to act as attorney for that estate. After some delays, the probate court ordered Attorney Youdovitz and the personal representative to show cause why the estate had not been closed. Following a hearing

---

[5]SCR 22.07 provides:

**Investigation.**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

on that order, the court removed them from the estate. Thereafter, Attorney Youdovitz did not respond to requests from the successor personal representative for the estate files. Attorney Youdovitz appeared at a hearing on an order to show cause requiring him to appear with the files but did not bring the files with him. After the matter was adjourned, Attorney Youdovitz complied with the request for the files.

The referee concluded that Attorney Youdovitz neglected this legal matter and failed to handle it with appropriate diligence and promptness, in violation of former SCR 20.32(3) and current SCR 20:1.3. By failing to promptly turn over the estate file to the successor personal representative upon request, Attorney Youdovitz violated SCR 20:1.16(d).[6]

(4) Attorney Youdovitz was retained in March, 1987 to probate an estate in which the only substantial asset was the decedent's homestead, which the personal representative sold. Soon thereafter, a successor personal representative was appointed and brought a motion to compel Attorney Youdovitz to produce records and papers in the probate proceedings. Attorney Youdovitz did not respond to the demand for the estate file but returned it shortly before a hearing was held on an order to show cause requiring him to turn it over. During the Board's investigation, Attorney Youdovitz did not

---

[6]SCR 20:1.16 provides:

**Declining or terminating representation**

. . .

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

respond to two letters from the Board inquiring into the matter but eventually appeared before the Board and responded to its inquiries.

The referee concluded that Attorney Youdovitz' failure to promptly turn over the estate file to the successor personal representative following his removal as attorney for the estate violated SCR 20:1.16(d) and his failure to respond to the Board violated SCR 21.03(4) and 22.07(2).

(5) In August, 1986, a woman retained Attorney Youdovitz to probate her husband's estate and she was appointed personal representative. In July, 1989, the probate court issued an order to show cause requiring Attorney Youdovitz and his client to respond for their failure to file an inventory in the estate. When neither appeared, the court removed them from the estate. Although he told the successor personal representative he would provide requested information, Attorney Youdovitz did not do so, nor did he respond to subsequent letters asking for the information. Ultimately, the attorney for the estate obtained an order to show cause why Attorney Youdovitz should not be required to provide documentation regarding the estate.

The referee concluded that Attorney Youdovitz' failure to promptly turn over the estate file to the successor personal representative upon request following his removal as attorney in the estate violated former SCR 20.16(1)(b) and current 20:1.16(d); his failure to respond to two requests from the Board requiring information in its investigation and his brief reply which did not address all of the issues violated SCR 21.03(4) and 22.07(2).

(6) In November, 1985, a woman retained Attorney Youdovitz to assist her in the probate of her mother's estate. Attorney Youdovitz filed papers for

informal administration but did not have his client appointed personal representative. He advised the client, however, that she had been appointed personal representative.

When the client met with Attorney Youdovitz to discuss obtaining a mortgage loan in order to pay estate debts, Attorney Youdovitz gave her documents to present to the lending officer, including what purported to be a personal representative's deed and domiciliary letters designating his client personal representative and containing the conformed printed signature of the probate registrar. The deed was signed by the client as personal representative of the estate and authenticated by Attorney Youdovitz. The client was appointed personal representative approximately one year later.

Ultimately, Attorney Youdovitz was removed as attorney in the estate for his failure to show cause why the estate had not been concluded. During the Board's investigation, Attorney Youdovitz did not respond to two letters from the Board requesting information concerning this matter, although he ultimately appeared and gave the Board information in it.

The referee concluded that Attorney Youdovitz' failure to timely complete the estate constituted neglect of the client's matter, in violation of former SCR 20.32(3) and current 20:1.3; his misrepresentation to the mortgage lender that his client had been appointed personal representative violated former SCR 20.04(4) and current 20:8.4(c) and former SCR 20.36(1)(e) and current 20:4.1(a);[7] his creation of false evidence regarding the appointment of his client as personal representative

---

[7]SCR 20:4.1 provides:

**Truthfulness in statements to others**

In the course of representing a client a lawyer shall not knowingly:

violated former SCR 20.36(1)(f) and current SCR 20:3.3(a)(4);[8] his failure to respond to the Board violated SCR 21.03(4) and 22.07(2).

(7) In 1989, Attorney Youdovitz was retained by a couple to prepare federal and state income tax returns for three years and represent them before the authorities regarding withholding and sales taxes in connection with a business they had operated. They also retained him to assist them in getting medical assistance benefits for a relative. Although the clients paid him in advance for the tax preparation, Attorney Youdovitz did not provide them with the tax returns as he had promised and did not respond to their requests for information concerning the status of the matter. Eventually, they retained other counsel to complete and file the returns.

In August, 1989 the clients entered into an installment payment agreement with the IRS and Wisconsin Department of Revenue for tax liabilities under which payments were to begin in September. At that time, Attorney Youdovitz was in the process of making an offer of compromise with the IRS regarding certain tax liabilities and told his clients they need not make any payments under the installment agreement until the IRS responded. He told his clients he had submitted the offer in compromise to the IRS, as well as to the Department of Revenue, when in fact he had not done so.

---

(a) make a false statement of a material fact or law to a third person; or . . ..

[8]SCR 20:3.3 provides:

**Candor toward the tribunal**
(a) A lawyer shall not knowingly:
. . .
(4) offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures.

In January, 1990 the clients received a notice of hearing from the Department of Revenue and Attorney Youdovitz told them this was a mere formality and that he would contact the agency. Thereafter, the IRS placed a levy on the clients' accounts and wages. When informed of this by his clients, Attorney Youdovitz told them he would communicate with the IRS in the matter. The clients retained other counsel to represent them in these matters.

In the welfare benefits matter, when the application Attorney Youdovitz prepared and submitted was denied, he resubmitted it. The client asked Attorney Youdovitz to appear with him at a review of the application and he agreed to do so but failed to appear. During the Board's investigation of this matter, Attorney Youdovitz did not reply to two requests from the Board for information but he eventually appeared before the Board and gave information.

The referee concluded that Attorney Youdovitz failed to act with reasonable diligence and promptness in representing these clients, in violation of SCR 20:1.3; his failure to respond to the Board violated SCR 21.03(4) and 22.07(2).

(8) In November, 1989, a woman retained Attorney Youdovitz to represent her in obtaining a name change in circuit court. After obtaining court approval of the change, Attorney Youdovitz told his client he would promptly complete the necessary paper work and that she would be issued a new birth certificate. Thereafter, the client unsuccessfully attempted to communicate with Attorney Youdovitz to learn the status of the matter. During the Board's investigation, Attorney Youdovitz did not respond to two letters of inquiry from the Board but eventually appeared and gave information in the matter.

The referee concluded that Attorney Youdovitz' failure to respond to the Board violated SCR 21.03(4) and 22.07(2).

(9) In 1985, a man retained Attorney Youdovitz to assist him in collecting a profit sharing plan distribution of approximately $8000. Attorney Youdovitz obtained the funds and placed them in a payroll account at a bank, not in his client trust account. Subsequently, the IRS took the $8000 from the account without Attorney Youdovitz' authorization in order to satisfy a personal tax lien on Attorney Youdovitz. Attorney Youdovitz immediately notified his client that this had happened and promised to make payment as promptly as possible. The client made several written demands for return of his funds but Attorney Youdovitz has given him only half of those funds.

The referee concluded that Attorney Youdovitz' depositing funds of a client in an account other than his trust account violated former SCR 20.50(1) and current 20:1.15(a)[9] and that his failure to return the entire

---

[9]SCR 20:1.15 provides:

**Safekeeping property.**

(a) A lawyer shall hold in trust, separate from the lawyer's own property, property of clients or third persons that is in the lawyer's possession in connection with a representation. All funds of clients paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts as provided in paragraph (c) maintained in a bank, trust company, credit union or savings and loan association authorized to do business and located in Wisconsin, which account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import, and no funds belonging to the lawyer or law firm except funds reasonably sufficient to pay account service charges may be deposited in such an account. Unless the client otherwise directs in writing, securities in bearer form shall be kept by the attorney in a safe deposit box in a bank, trust company, credit union or savings and loan association authorized to do business and located in Wisconsin, which safe deposit box shall be clearly

amount of funds to the client, despite several requests to do so, violated SCR 20:1.15(b).[10]

(10) In November, 1987, a client who was a health care center patient gave Attorney Youdovitz power of attorney. Two years later, the client was notified that her eligibility for county medical assistance would terminate because her assets were above the allowable limit. When the health care center became aware of the discontinuation of benefits and attempted to contact Attorney Youdovitz several times to inform him that the county was requiring a copy of his client's bank statements in order to reopen the ineligibility determination for purposes of reinstating her benefits, Attorney Youdovitz did not return a number of their calls. Eventually, he told the center his client had no funds.

When the finance director of the health care center wrote Attorney Youdovitz that he needed to provide the county with documentation to show that his client was without funds, he did not respond. The health care

designated as "Client's Account" or "Trust Account" or words of similar import. Other property of a client or third person shall be identified as such and appropriately safeguarded. If a lawyer also licensed in another state is entrusted with funds or property in connection with an out-of-state representation this provision shall not supersede the trust account rules of such other state.

[10]SCR 20:1.15 provides:

**Safekeeping property.**

. . .

(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

center then informed Attorney Youdovitz he had 30 days to find other living arrangements for his client.

At about the same time, the client's daughter, who resided in another state, sent Attorney Youdovitz a letter expressing her belief that he should be able to resolve the cancellation of benefits and made an additional request for an accounting of the proceeds of the sale of her mother's homestead, which Attorney Youdovitz had sold pursuant to his power of attorney in October, 1989. When the health care center asked him for specific information concerning the proceeds of that sale and demanded payment of his client's prior care, Attorney Youdovitz said he would release funds from the sale proceeds to pay for his client's care until her eligibility for medical assistance were reinstated. However, he did not respond to subsequent billings from the health care center or telephone contacts from it.

During the Board's investigation of this matter, Attorney Youdovitz did not respond to two requests from the Board for information but did appear thereafter and provided information. At that appearance, Attorney Youdovitz stated that he had withdrawn $10,000 from the homestead sale proceeds to reimburse himself for expenditures he had made in behalf of his client's disabled son but was unable to document checks totaling $11,700 of the sale proceeds.

The referee concluded that Attorney Youdovitz' failure to furnish evidence to the welfare department to overturn its determination to terminate his client's benefits and his failure to cooperate with the health care center in doing so and his failure to pay for his client's care constituted a failure to act with reasonable diligence and promptness in representing his client, in violation of SCR 20:1.3; his failure to treat the funds from the sale of his client's home as trust funds until there was a proper

accounting and apportionment among those with an interest in those proceeds constituted a failure to properly handle client funds, in violation of SCR 20:1.15(d);[11] his failure to respond to two requests from the Board for information violated SCR 21.03(4) and 22.07(2).

(11) In December, 1988, a woman retained Attorney Youdovitz to represent her in a personal injury claim. The client gave her physician a lien on the proceeds of any settlement for payment of his fees, to which Attorney Youdovitz agreed. He later informed the client that he made an offer to the insurer to settle the claim for $2700 and asked the client to respond if that amount was unacceptable. The client did not reply.

In April, 1990 the insurer sent Attorney Youdovitz a settlement check in the amount of $2700, together with release forms. Attorney Youdovitz endorsed his client's name and his own on the check and deposited it into his client trust account. On the same day he paid himself from that account $900 as fees and $76 to his law firm as reimbursement for costs. He then sent his client a letter recommending she accept the $2700 settlement the insurer offered and asking her to sign the release forms. He also told her he would contact her physician and attempt to negotiate a compromise of her medical bills. He did not, however, tell his client that he had obtained that settlement or that he had endorsed her name to the

---

[11]SCR 20:1.15 provides:

**Safekeeping property.**

. . .

(d) When, in the representation, a lawyer is in possession of property in which both the lawyer and another person claim interests, the property shall be treated by the lawyer as trust property until there is an accounting and severance of their interests. If a dispute arises concerning their respective interests, the portion in dispute shall continue to be treated as trust property until the dispute is resolved.

settlement check without her approval and withdrawn his fees and expenses from it.

The client made numerous attempts to contact Attorney Youdovitz concerning the status of this matter, but he did not respond. When he met with Board staff during its investigation, Attorney Youdovitz stated that he had negotiated with the insurer, who agreed to pay the client's medical bills, and that he attempted to compromise the physician's bill but the doctor did not respond to his requests. He said he had met with his client and she agreed to accept $1000 as a net settlement after deducting medical and legal expenses. In fact, Attorney Youdovitz did not contact the doctor to attempt to compromise his bill, nor did he notify him of his receipt of the insurance settlement. When Attorney Youdovitz did not furnish his trust account records to the Board as requested, the Board obtained those records from the bank pursuant to a subpoena. An examination of those records disclosed that $721 of the settlement amount was unaccounted for.

The referee concluded that Attorney Youdovitz' endorsement of his client's name to the settlement check prior to her acceptance of the settlement offer and without her authorization constituted dishonesty, fraud or deceit, in violation of SCR 20:8.4(c); his failure to contact his client's physician to negotiate a settlement of the doctor's claim for services and his failure to complete disbursement of the proceeds pursuant to the doctor's lien constituted a failure to act with reasonable diligence and promptness, in violation of SCR 20:1.3; his failure to respond to his client's numerous telephone calls inquiring into the status of her matter violated SCR 20:1.4(a);[12] his failure to promptly notify his client's

[12]SCR 20:1.4 provides:

physician of the receipt of settlement funds on behalf of his client, funds in which the physician had an interest, and his failure to promptly deliver to the doctor funds to which he was entitled violated SCR 20:1.15(b); his failure to retain the settlement funds in his trust account to pay the amount due to his client and to her physician violated SCR 20:1.15(a); his failure to submit trust account records to the Board during its investigation violated SCR 20:1.15(f).[13]

(12) In February, 1990, a woman retained Attorney Youdovitz to represent her in a bankruptcy proceeding, for which she paid him $425. Attorney Youdovitz filed the bankruptcy petition but failed to list two creditors. When informed of this error, Attorney Youdovitz promised he would add those creditors to the petition but did not do so. He also failed to obtain information from a credit bureau to be included in the petition. After numerous telephone calls to Attorney Youdovitz, the client learned that he had closed his law office. She then appeared in bankruptcy court on her own behalf and obtained a discharge. During the Board's investigation,

---

**Communication**

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[13]SCR 20:1.15 provides:

**Safekeeping property.**

. . .

(f) Upon request of the Board of Attorneys Professional Responsibility, or upon direction of the Supreme Court, the records shall be submitted to the board for its inspection, audit, use and evidence under such conditions to protect the privilege of clients as the court may provide. The records, or an audit thereof, shall be produced at any disciplinary proceeding involving the attorney wherever material. Failure to produce the records shall constitute unprofessional conduct and grounds for disciplinary action.

Attorney Youdovitz failed to respond to two letters of inquiry from the Board and failed to appear at a scheduled meeting before the Board.

The referee concluded that Attorney Youdovitz' failure to amend his client's bankruptcy petition and to complete the proceeding constituted a failure to act with reasonable diligence and promptness, in violation of SCR 20:1.3; his failure to respond to his client's telephone requests for information concerning the matter violated SCR 20:1.4(a).

(13) In October, 1990, a man retained Attorney Youdovitz to represent him in an action brought against him by two former tenants. Attorney Youdovitz obtained an adjournment for the reason that he was closing his law office. At a subsequently scheduled trial, neither the client nor Attorney Youdovitz appeared and a default judgment was entered for the plaintiffs in the amount of $1080, plus costs and fees.

The client did not learn of the judgment until his bank account was garnished in the amount of $2064. Thereafter, the client made numerous unsuccessful attempts to contact Attorney Youdovitz. When he finally reached him, Attorney Youdovitz promised to take care of the matter but did not do so. The client eventually contacted the plaintiffs' attorney and settled the case by stipulation in May, 1991. During the Board's investigation of this matter, Attorney Youdovitz did not reply to letters of inquiry from the Board.

The referee concluded that Attorney Youdovitz' failure to defend his client in the action constituted a failure to act with reasonable diligence and promptness, in violation of SCR 20:1.3; his failure to return his client's telephone calls inquiring into the status of the matter violated SCR 20:1.4(a); his failure to respond to the Board violated SCR 21.03(4) and 22.07(2).

(14) In 1990, Attorney Youdovitz was appointed special administrator and, subsequently, personal representative and attorney in an estate. He established a checking account and a savings account for the estate, from which he transferred a substantial amount of funds into his trust account. In September, 1990 he transferred $57,482.33 from the estate savings account to his trust account and withdrew $57,500.33 from that account to purchase several bank checks purportedly for distribution of estate assets to the heirs. However, two of the disbursements were not related to persons with an interest in the estate: one check in the amount of $8000 and another in the amount of $2000 were used toward satisfaction of a personal debt of Attorney Youdovitz.

In May, 1991 Attorney Youdovitz transferred $405 from the estate checking account to his trust account and used those funds for his personal purposes. In September, 1990, he transferred $18,000 from the estate checking account and deposited it into his trust account, thereafter making disbursements of those funds to persons and business entities unrelated to the estate. In October, 1990 he transferred $25,000 from the estate savings account to his trust account, which he then used to make payments to the personal representative of an estate in which he had been the original personal representative in order to account for assets in that estate. In October, 1990 he withdrew $19,393.50 from the estate savings account, of which he used $2900 to pay a partial share of the estate to one of its heirs. The Board was unable to determine what Attorney Youdovitz did with the remaining portion of those funds and Attorney Youdovitz has not accounted for them.

In January, 1991 Attorney Youdovitz used $4070 of estate funds to pay personal obligations. He also used $6550 of estate funds for a payment unrelated to the

estate. In July, 1991, Attorney Youdovitz took $853 of estate funds and paid them to his landlord. While serving as personal representative of the estate, Attorney Youdovitz paid his general office account $50,645.90 of estate funds but has not accounted for those payments.

The referee concluded that Attorney Youdovitz' conversion of estate funds for payment to himself, payment of personal obligations and payment to persons unrelated to the estate violated SCR 20:1.15(a) and 20:8.4(b)[14] and (c); his withdrawal of estate funds for payment to his firm's general account without a proper accounting for such funds, violated SCR 20:1.15(a) and (f).

In October, 1991, an attorney for the estate petitioned the court for Attorney Youdovitz' removal as personal representative and for an order requiring him to turn over all estate assets and documents and to provide an accounting of his administration. The court set the motion for hearing but Attorney Youdovitz did not appear. The court removed him as personal representative and ordered him to turn over all estate assets, accounts, tax returns and correspondence to the successor personal representative within three days. As of the date of the referee's report, November 12, 1991, Attorney Youdovitz had not done so.

The referee concluded that Attorney Youdovitz' failure to appear at the hearing in the estate and his failure to turn over its assets and other materials pursu-

---

[14]SCR 20:8.4 provides:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

ant to the court's order violated SCR 20:3.4(c).[15]

We adopt the referee's findings and conclusions regarding Attorney Youdovitz' misconduct. As discipline for it, the referee recommended that we revoke Attorney Youdovitz' license to practice law. The referee also recommended that we order Attorney Youdovitz to make restitution to the client who had retained him in 1985 to collect a profit sharing plan distribution and to the estate in which he was appointed special administrator and, subsequently, personal representative and attorney and from which he transferred substantial funds to his trust account and converted them to his own use. We accept those recommendations.

IT IS ORDERED that the license of David A. Youdovitz to practice law in Wisconsin is revoked, effective the date of this order.

IT IS FURTHER ORDERED that David A. Youdovitz make restitution as recommended by the referee.

IT IS FURTHER ORDERED that within 60 days of the date of this order David A. Youdovitz pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that David A. Youdovitz comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

---

[15]SCR 20:3.4 provides:

**Fairness to opposing party and counsel**
 A lawyer shall not:

 . . .

 (c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;